RECEIVED
AUG - 9 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEREK RABALAIS ET AL** | **CIVIL ACT. NO. 1:19-cv-1021** |
| -vs- | **JUDGE DRELL** |
| **STRATEGIC RESTAURANTS ACQUISITION CO, LLC, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a motion for expedited consideration and remand (Doc. 5) filed by Plaintiffs Derek Rabalais and his wife, Pamela Rabalais, individually and on behalf of their minor child, Addie Claire Rabalais. For the following reasons, the motion will be **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

Plaintiffs allege that Addie Rabalais contracted salmonella poisoning after eating undercooked chicken nuggets at a Burger King in Marksville, Louisiana.[1] They initially raised claims against Strategic Restaurants Acquisition Company, LLC D/B/A Burger King ("Burger King"), Jeremie Lavalais, Ashley Dufour, and Broadspire Services, Inc.[2] Significantly, Plaintiffs allege that Lavalais was employed as a cook by Burger King on the day of the incident and "admitted he 'pushed the wrong button' in preparing the chicken nuggets served to [Addie Rabalais], failing to cook them for the requisite period of time."[3] Lavalais is a resident of Marksville, Louisiana.[4]

---

[1] Pet. (Doc. 1-1).
[2] Id.
[3] Amended and Supplemental Petition for Damages (Doc. 1-1).
[4] Id.

1

This suit was originally filed in the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, on March 3, 2014.[5] In a third amended and supplemental petition for damages filed on June 24, 2019, Plaintiffs added a new defendant, Navigators Insurance Company ("Navigators").[6] On August 7, 2019, Navigators filed a notice of removal on the basis of diversity jurisdiction,[7] a mere five days before this five-year old case is set for a jury trial in state court on August 12, 2019.

## II. LAW & ANALYSIS

### A. DIVERSITY JURISDICTION

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).

As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

---

[5] Pet. (Doc. 1-1).
[6] Third Amended and Supplemental Petition (Doc. 1-1).
[7] Notice of Removal (Doc. 1-1).

B. IMPROPER JOINDER

Navigators argues that Plaintiffs improperly joined Lavalais. To demonstrate improper joinder of resident defendants, the removing Defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of Plaintiffs to establish a cause of action against the non-diverse party in state court. See Gasch, 491 F.3d at 281.

Navigators relies on the second prong in this case. The threshold question is whether there is no reasonable basis for the district court to predict that Plaintiffs might be able to recover against an in-state Defendant. The burden of proof is on the removing party. See Gasch, 491 F.3d at 281. In deciding whether a party was improperly joined, the Court resolves all contested factual issues and ambiguities of state law in favor of Plaintiffs. See Gasch, 491 F.3d at 281.

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. See Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). However, there are cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. See Smallwood, 385 F.3d at 573.[8]

Pursuant to FED. R. CIV. P. 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is

---

[8] A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. See Smallwood, 385 F.3d at 574.

3

plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. See Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

C. EMPLOYEE LIABILITY

The dispositive issue is whether Plaintiffs have a reasonable basis of recovery under Louisiana law against Lavalais for the conduct alleged in the petition. In Louisiana, the four-part test articulated in Canter v. Koehring Co., 283 So.2d 716 (La.1973), superseded on other grounds by statute, LA. REV. STAT. ANN. § 23:1032 (1998), is used to determine whether an employee is individually liable to third persons, even if they are not co-employees. See Anderson v. Georgia Gulf Lake Charles, LLC, 342 F. App'x. 911, 916 (5th Cir. 2009) (citing In re 1994 Exxon Chem. Fire, 558 F.3d 378, 386 (5th Cir. 2009)). Under Canter, individual liability on an employer's officer, agent, or employee may be imposed if:

1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances— whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee

4

> simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

See Anderson, 342 F. App'x. at 916.

The allegations against Lavalais satisfy all the Canter elements. First, Burger King owed a duty of care[9] to Addie Rabalais, and the breach of that duty of care caused her illness. Second, this duty was delegated by Burger King to Lavalais, who was working as the cook. Third, Lavalais breached this duty through personal fault, i.e. pushing the wrong button. Fourth, Lavalais had a personal duty towards Addie Rabalais while acting as a cook to not serve her improperly prepared food. That is to say, a factfinder could plausibly determine that he acted outside his general administrative responsibility for performance of some function of his employment when he pressed the wrong button. Thus, Plaintiffs have alleged sufficient facts to satisfy the Canter elements at this stage of litigation. To be clear, this is simply a determination that Plaintiffs have pleaded sufficient facts to allow the Court to draw the reasonable inference that Lavalais may be liable for the misconduct alleged. This is not to be construed as a finding that Lavalais is in fact liable. That is a determination reserved for the stage of litigation in which all relevant evidence has been presented.

---

[9] "The duty of a commercial restaurant to serve food free of injurious substance has been stated as follows: 'A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food.'" Chambers-Johnson v. Applebee's Rest., 12-98 (La. App. 5 Cir. 9/11/12), 101 So. 3d 473, 476.

### III. CONCLUSION

Navigators has failed to meet its burden of showing that there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Lavalais. Accordingly,

**IT WILL BE ORDERED** that the motion for expedited consideration and remand (Doc. 5) is **GRANTED**.

**IT WILL FURTHER BE ORDERED** that this matter be **REMANDED** to the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana.

**SIGNED** on this 9TH day of August, 2019, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT